UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | |
| v.       ) | Criminal No. 1:22-mj-76-02 (GMH) |
| ) | |
| HAIDER ALI       ) | |
| _____ ) | |

**DEFENDANT HAIDER ALI'S OPPOSITION TO GOVERNMENT'S MOTION TO FILE A SUBSTITUTE FOR THE ORIGINAL AFFIDAVIT TO ITS CRIMINAL COMPLAINT**

NOW COMES Defendant Haider Ali, through undersigned appointed counsel, and as requested in this Court's Order describing the Government's unusual attempt to "substitute" *ex parte* an Amended Affidavit for the one attached to its Criminal Complaint, responds as follows.

The defense appreciates this Court's recognition of the potential limits on its *ex parte* authority, consistent with its commitment to due process. This Court appropriately issued its Order noting this *ex parte* attempt and asking for briefing, and shortly thereafter, the Government disclosed to the defense its Motion and Amended Affidavit. As noted in Taherzadeh's counsel's response, the Government's request to have this issue secretly adjudicated by this Court, at a time when these defendants had already been arrested and are being represented by counsel, was legally improper. *See* Docket #22. In light of the Government's recent disclosures, however, this issue of whether this Court can rule on these issues *ex parte* would now appear to be moot.

Still remaining, however, is the procedural issue of whether the Government can seek to "substitute" its new Amended Affidavit from FBI Special Agent Elias for the original one it attached to the Criminal Complaint. For the reasons set forth below, it cannot: the Government's motion remains procedurally improper, and its motion accordingly must be denied.

This Court's Order asks if the defendants "have any legal objection to the procedure the government proposes." In addition to the *ex parte* concerns now remedied, Mr. Ali is unaware

1

of any legal basis whatsoever for the Government to retroactively replace the Affidavit attached to a Criminal Complaint with a "substitute." And that is particularly true when the Amended Affidavit attempts to go beyond merely correcting errors, and seeks to cite "new" evidence the Government acknowledges was obtained after the date the Complaint issued. Indeed, the result the Government seeks is nonsensical: the Complaint on its face would then expressly be "based on" facts admittedly not even known to the Government at the point when that Complaint issued – an outcome that would render the charging documents internally inconsistent.

All of this arises because of what the Government admits was its own factual mistake – it now openly concedes (contrary to what its original Affidavit swore) that Mr. Ali was *not* present when Taherzadeh shot an airgun at a potential USSP recruit.[1] The Government could perhaps seek to file an Amended Affidavit that simply corrected that error, but apparently concerned that omitting this earlier allegation may then leave them with an Affidavit that fails to show probable cause against Mr. Ali, they simultaneously seek to add new allegations to counterbalance that deletion. Many if not most of the supposedly new allegations, however, were already proffered by the Government during the detention hearings. And none are significant enough to alter this Court's detention calculus, nor does the Government even argue that: it previously announced that it would not appeal this Court's well-reasoned order granting conditional bail, and its latest requested filing, even with all of its new facts factored in, does not (and frankly could not) viably call into question that bond ruling granting these defendants release under restrictive conditions.

At bottom, there is no viable procedural basis for "substituting" the original Affidavit with the one the Government now proposes. None is found in the federal rules, and defense

---

[1] Affiant David Elias, an FBI Special Agent, claims that "[t]he error in the original affidavit was [the] result of a mistaken recollection by the FBI Special Agent who interviewed Witness 1 and orally related the details of that interview to me." Amended Affidavit § 5(b). This other agent's name should properly be disclosed to the defense.

counsel is aware of none – and certainly none that would allow a Complaint to oddly then be "based on" facts not even known to the Government at the time that Complaint had issued.

Insofar as the question of whether "probable cause" properly existed as to Mr. Ali at the time he was arrested, that question is premature.  This issue admittedly may be raised by Mr. Ali later in this case, for example, as part of a motion to suppress.  And in part for that reason, it would be particularly inappropriate for this Court to determine at this early stage (and especially *ex parte*) that probable cause remained despite the original Complaint being based in part on a false statement.  To be clear, Mr. Ali is not moving to strike the Criminal Complaint against him, or challenging this Court's decision to release him under its stated restrictions of bond.  But Mr. Ali does reserve the right to raise such a challenge later in the context of suppression, should the need arise.  And this Court should not issue an order now that might pre-emptively compromise his right to challenge his arrest via a suppression motion at a later point during this litigation.

On the other hand, denying the Government's motion will not deprive it of any ability to seek an appropriate indictment, including based on new facts, nor prejudice the Government in any discernable way.  Creating a new procedural mechanism out of whole cloth would thus be particularly unwarranted here, where it will literally accomplish nothing of any practical benefit.

Accordingly, and for the reasons stated, the Government's motion should be denied.

This 18th day of April, 2022.

                                               Respectfully submitted,

                                                 /s/ Gregory S. Smith
                                               Gregory S. Smith (D.C. Bar No. 472802)
                                               Law Offices of Gregory S. Smith
                                               913 East Capitol Street, S.E.
                                               Washington, D.C. 20003
                                               Telephone:  (202) 460-3381
                                               Email:  gregsmithlaw@verizon.net
                                               *Counsel for Defendant Haider Ali*

## CERTIFICATE OF SERVICE

I hereby certify on April 18, 2022, that a copy of the foregoing is being served on all parties automatically, through their counsel of record in this case, via this Court's Electronic Case Filing (ECF) system.

                                          /s/ Gregory S. Smith
                                          Gregory S. Smith