IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ARIAN TAHERZADEH & )<br>HAIDER ALI, )<br>    Defendants. ) | Criminal No. 22-mj-76 (GMH) |

**GOVERNMENT'S RESPONSE TO COURT'S APRIL 15, 2022, ORDER**

    To ensure candor with the Court and to apprise the defendants of a factual error in the original affidavit in support of the criminal complaint, the Government submitted an amended affidavit to substitute for the original affidavit, which it intended to be sworn out before this Court. Because affidavits in support of criminal complaints are typically submitted *ex parte*, the Government submitted its amended affidavit *ex parte*. As stated in the accompanying substitution motion, the Government always intended for the amended affidavit to be disclosed to the defense and to be part of the public record—in-part so that the defense can make whatever use of the government's mistake it deems appropriate. Indeed, the government voluntarily disclosed the amended affidavit to the defense last week. *See* Exhibit 1. The government's submission was not, as the defense insinuates, an effort at subterfuge. To the contrary, it was an effort at transparency and candor through the submission of a sworn affidavit correcting a factual mistake and providing other pertinent investigative information with the full knowledge and understanding that the information would become public at an appropriate time.

    In any event, because the grand jury has now returned an indictment charging both of the defendants with impersonating a federal officer and related firearms offenses, the government's

motion to substitute the affidavit, and whether it can be considered *ex parte* is moot. *See, e.g., United States v. Williamson,* No. CR 14-151 (RMC), 2014 WL 12695537, at *7 (D.D.C. Oct. 20, 2014) ("The issue of whether the Affidavit was sufficient to support the Complaint became moot upon the Grand Jury's finding of probable cause and return of the Indictment…"); *see also Denton v. United States*, 465 F.2d 1394, 1395 (5th Cir. 1972) (a subsequent valid indictment following arrest can "remed[y] any defect in the complaint and arrest warrant") (citing *Tanner v. United States*, 296 F.2d 218 (10th Cir. 1961); *United States v. Cedeno-Olivencia* (D.P.R. Jan. 26, 2022) (a valid indictment remedies defects in a criminal complaint); Wright and Miller, 1 Fed. Prac. & Proc. Crim. § 42 (4th ed.) (defects in a complaint do not deprive the court of jurisdiction or prevent a prosecution if a valid indictment is subsequently returned). The Government therefore withdraws its motion.

    Respectfully submitted,

    MATTHEW M. GRAVES
    UNITED STATES ATTORNEY

By: */s/ Elizabeth Aloi*
    Joshua S. Rothstein
    Elizabeth A. Aloi
    Assistant United States Attorneys
    NY Bar Number 4453759 (Rothstein)
    DC Bar No. 1015864 (Aloi)
    610 D Street NW
    Washington, D.C. 20530
    202-252-7164 (Rothstein)
    202-252-7212 (Aloi)
    Joshua.Rothstein@usdoj.gov
    Elizabeth.Aloi@usdoj.gov